IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03487-CMA-SKC

VICTOR HERNANDEZ,

    Plaintiff,

v.

RONALD GAINOR,

    Defendant.

---

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the August 17, 2021 Recommendation of U.S. Magistrate Judge re: Defendant's Motion to Dismiss (Doc. # 31), wherein Magistrate Judge S. Kato Crews recommends that this Court grant Defendant Ronald Gainor's Motion to Dismiss with Prejudice (Doc. # 14). Plaintiff timely filed objections to the Recommendation. (Doc. # 32.) For the following reasons, the Court affirms and adopts the Recommendation over Plaintiff's objections.

### I.    BACKGROUND

Magistrate Judge Crews extensively explained the factual background of this case in his Recommendation. (Doc. # 31 at 1–5.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Court

recounts only the facts necessary to address Plaintiff's objections to the Recommendation.

Plaintiff, Victor Hernandez, appeared before this Court in criminal action *United States v. Victor Hernandez, et al.*, 17-cr-00134-CMA-10 ("Criminal Action"). Defendant Ronald Gainor represented Mr. Hernandez in the Criminal Action. In connection with that case, Mr. Hernandez pleaded guilty to one count of distribution and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and aiding and abetting the same, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In the written plea agreement, Mr. Hernandez acknowledged there was a factual basis for his guilty plea and expressly admitted the following: (1) he lent money to co-defendant Eduardo Estrada-Cortes, which he knew would further Estrada-Cortes's "distribution activities;" (2) his claimed ignorance of what Estrada-Cortes was using the money for did not "negate his culpability;" and (3) "he is guilty of the elements of" the offense. (Criminal Action, Doc. # 983 at ¶ 17 n.2.)

When Mr. Hernandez entered his guilty plea at the June 17, 2018 change of plea hearing, this Court asked him, under oath, whether he was satisfied with his attorney's representation. (Criminal Action, Doc. # 1214 at 29–30.) Mr. Hernandez responded, "[a]bsolutely, Your Honor." (*Id*. at 27.) When the Court asked him whether anyone had forced him to plead guilty, he stated, "[i]n no way whatsoever, Your Honor." (*Id*.) Likewise, when asked whether anyone attempted to threaten him, his family, or anyone close to him in order to force his guilty plea, Mr. Hernandez again responded, "[i]n no

way whatsoever, Your Honor." (*Id.*) Finally, when the Court asked whether Mr. Hernandez's lawyers had told him how to answer the Court's questions at the hearing, Mr. Hernandez responded, "[i]n no way, Your Honor." (*Id.* at 30.)

Based on Mr. Hernandez's responses under oath, as well as the Court's observations of his demeanor during the change of plea hearing, the Court accepted his guilty plea as having been voluntarily, knowingly, and intelligently entered, and expressly found his plea was "not the result of . . . fear, coercion or undue influence." (*Id.* at 34.)

At the subsequent sentencing hearing, the Court rejected the Government's request to increase Mr. Hernandez's offense level from 21 to 24, concluding that the Government had failed to prove that Mr. Hernandez was a drug supplier for sentence-enhancement purposes. The Court sentenced Mr. Hernandez to 12 months of probation, stating:

> [I]n this case, I didn't find there was evidence to show that you were ever involved in drug dealing, but you did lend the money to a friend knowing that that is probably what it was going to be used for. So you are to some degree culpable, but you are not directly involved in distributing drugs, as far as I could tell from the evidence. And, therefore, I do believe that the sentence I gave you of 12 months of probation does reflect the seriousness of your participation in this offense, and it is a sufficient, but not greater than necessary, sentence to achieve the objectives of sentencing.

(Criminal Action, Doc. # 1215 at 33.)

On December 8, 2018, Plaintiff filed an appeal with the Tenth Circuit challenging his conviction and sentence on the basis that he received ineffective assistance of counsel. Appellate Case No. 18-1472, *United States v. Hernandez* (10th Cir. Jan. 16, 2019). There, he claimed he was not guilty of any offense and asserted for the first time

3

that his attorney, Defendant Gainor, instructed him to lie to this Court at the change of plea hearing. *See United States v. Hernandez*, 780 F. App'x 617, 619 (10th Cir. 2019). The Government moved to enforce the appeal waiver in Mr. Hernandez's plea agreement, which the Tenth Circuit granted, dismissing Mr. Hernandez's appeal. *Id.* at 621.

Two years later, Mr. Hernandez initiated the instant civil case. In his Complaint, Mr. Hernandez asserts a claim for legal malpractice against Defendant Gainor, alleging Mr. Gainor breached the duty of care owed to Mr. Hernandez by "coercing [him] to plead guilty" in the Criminal Action. (Doc. # 1 at ¶ 23–25.) Mr. Hernandez alleges that, but for Defendant Gainor's coercion, he would have gone to trial and been acquitted. (*Id.* at ¶ 26.) He further alleges that he "suffered the damages of being convicted of a crime that the Government could not prove beyond a reasonable doubt." (*Id.* at ¶ 29.)

## II.   LEGAL STANDARDS

### A.   REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made, and therefore preserves an issue for *de novo* review by the district judge, if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165,

1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### B.   FED. R. CIV. P. 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259,

1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   DISCUSSION

In the instant Motion to Dismiss, Defendant Gainor seeks dismissal of this action under Fed. R. Civ. P. 12(b)(6) on the grounds that judicial estoppel and the two-year statute of limitations preclude Mr. Hernandez's claim for legal malpractice. *See* (Doc. # 14 at 1, 7). For the following reasons, the Court agrees with Judge Crews's conclusion that the doctrine of judicial estoppel applies in this case and overrules Plaintiff's objections to the Recommendation.

**A.   THE RECOMMENDATION**

In his Recommendation, Judge Crews analyzed the following three factors in evaluating whether judicial estoppel precludes Plaintiff from bringing a malpractice claim against Defendant Gainor: (1) whether Mr. Hernandez's position in this case is "clearly inconsistent" with his earlier position in the Criminal Action; (2) whether Mr. Hernandez "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) whether Mr. Hernandez would "derive an unfair advantage . . . if not estopped." (Doc. # 31 at 6–8) (citations omitted).

As to the first factor, Judge Crews found that Mr. Hernandez's position in this case—i.e., that he is innocent of the crime he pleaded guilty to and was coerced to plead guilty by his attorney—is clearly inconsistent with his position in the Criminal Action—i.e., that there was a factual basis for his guilty plea and that his plea was knowingly and voluntarily made and was not the result of force or threats. (*Id.* at 8–9.) Second, Judge Crews found that this Court accepted Mr. Hernandez's earlier position by accepting his plea and adjudging him guilty, such that accepting Mr. Hernandez's position in the instant case would necessarily create "the perception that either the first or the second court was misled." (*Id.* at 10) (citing *Johnson v. Lindon City Corp.,* 405 F.3d 1065, 1069 (10th Cir. 2005)). Third, and lastly, Judge Crews found that Mr. Hernandez would derive an unfair advantage if not estopped, noting that to allow Plaintiff to sue for damages in connection with his guilty plea, after he had accepted the benefits of that plea, would "clearly undermine the integrity of the judicial system." (*Id.* at 11) (quoting *Johnson*, 405 F.3d at 1170).

Having found that all three factors are satisfied in this case, Judge Crews concluded that Mr. Hernandez is estopped from bringing a legal malpractice claim against Defendant Gainor.

**B.     PLAINTIFF'S OBJECTIONS**

Mr. Hernandez objects to the Recommendation on two grounds. First, he asserts that he has not assumed a position in this case that is inconsistent with his position in the Criminal Action, thereby objecting to Judge Crews's analysis of the first judicial estoppel factor. Second, he asserts that Defendant Gainor coerced the statements Mr.

7

Hernandez made at the change of plea hearing, rendering his guilty plea involuntary and void as a matter of law.[1]

    1.    <u>Inconsistent Position</u>

With respect to his first objection, Plaintiff asserts that Judge Crews factually and legally erred in concluding that his position in this case is contrary to his position in the Criminal Action. He argues that Judge Crews applied the incorrect legal standard by giving credence to statements Plaintiff made in the Criminal Action because his well-pleaded factual allegations are entitled to the presumption of truth at the motion to dismiss stage. He further argues that Judge Crews factually erred in finding that his position in the Criminal Action is contrary to his position in this case.

    a.    *Legal error*

Unlike typical motions to dismiss under Fed. R. Civ. P. 12(b)(6), the instant Motion to Dismiss challenges whether the facts alleged in the Complaint, viewed in combination with Plaintiff's earlier position in the Criminal Action, renders Plaintiff's claim for legal malpractice not viable because it is subject to judicial estoppel as a matter of law. The Tenth Circuit applies the doctrine of judicial estoppel "both narrowly

---

[1] Plaintiff does not object to the Recommendation to the extent it concludes that the second and third factors of judicial acceptance and unfair advantage, respectively, are satisfied in this case. "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Applying this standard, the Court is satisfied that Judge Crews's findings and legal conclusions concerning these matters are sound and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation with respect to the second and third judicial estoppel factors.

and cautiously." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227 (10th Cir. 2011); *accord Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, 855 F. App'x 239, 243 (6th Cir. 2021) ("[W]e have warned that judicial estoppel should be 'applied with caution . . . because the doctrine precludes a contradictory position without examining the truth of either statement.'").

As a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion unless the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(b); *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996). However, facts subject to judicial notice may be considered in ruling on a Rule 12(b)(6) motion, which allows a court to take judicial notice of its own files and records, as well as that of other judicial proceedings. *Hodgson v. Farmington City*, 675 F. App'x 838, 840 (10th Cir. 2017); *Van Woudenberg ex rel. Foor v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001). Said "documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).

In this case, Judge Crews properly took judicial notice of the plea agreement, change of plea hearing transcript, and sentencing hearing transcript from the Criminal Action, all of which "bear directly upon the disposition of the case at hand." *Hodgson*, 675 F. App'x at 841. In comparing the facts alleged in the Complaint with the contents of the aforementioned documents, Judge Crews found that Plaintiff's allegations in this case are directly contradicted by his previous position in the Criminal Action:

9

> Regarding the first factor, the record confirms Plaintiff's current factual position regarding his guilt is diametrically opposed to the one he took in the Criminal Case. There, Plaintiff admitted there was a factual basis for his guilty plea. But he now claims he was in fact innocent. Moreover, at the June 7, 2018 hearing in the Criminal Case, Plaintiff asserted, under oath, that his guilty plea was knowing and voluntarily made, and he denied anyone threatened or forced him to plead guilty. But he now alleges Defendant coerced his guilty plea by "threatening [his] liberty, [his] wife's immigration status and [his] daughter's physical health." Plaintiff also previously stated under oath he was satisfied with Defendant's representation. But he now claims Defendant's representation was "deficient." Plaintiff's positions between the Criminal Case and this case are diametrically opposed.

(Doc. # 31 at 8) (citations omitted).

Upon *de novo* review, the Court agrees with Judge Crews that the first judicial estoppel factor is satisfied in this case. Presuming all of Mr. Hernandez's factual allegations are true, and construing them in the light most favorable to him, Plaintiff's position in this case is that Defendant Gainor threatened and coerced him into pleading guilty in the Criminal Action. He stated the opposite in the Criminal Action, asserting under oath that his guilty plea was knowingly and voluntarily made and that he was not threatened or forced to plead guilty. Thus, Plaintiff's current position is clearly inconsistent with his position in the Criminal Action.

### b. Factual error

Next, Plaintiff asserts that Judge Crews factually erred in finding that Plaintiff's position in the Criminal Action was that he was guilty and his plea was not coerced. Plaintiff argues, instead, that he maintained his innocence during the Criminal Action. Plaintiff's argument is belied by the record.

Plaintiff admitted in his plea agreement that there was a factual basis for his guilty plea; he expressly admitted, *inter alia*, that he lent money to Estrada-Cortes, which he knew would further Estrada-Cortes's "distribution activities;" and that he was guilty of the elements of the offense charged. (Criminal Action, Doc. # 983 at ¶ 17 n.2.) He confirmed at the change of plea hearing that he was guilty of the offense charged and that the fact statement in the plea agreement was accurate. Further, at the sentencing hearing, Mr. Hernandez apologized to the Court and to the Government "for all of the time that has been wasted" and added, "I am totally repentful. I regret having done this, and it has been the greatest mistake I have made in my life." (Criminal Action, Doc. # 1215 at 29–30.) It is manifest from the record that Plaintiff's position in the Criminal Action was that he was guilty and his plea was not coerced.

2. <u>Voluntariness of the Guilty Plea</u>

Second, Mr. Hernandez objects that his guilty plea was not voluntary and is, therefore, void as a matter of law. This, too, is belied by the record.

Mr. Hernandez represented to this Court, under oath, that he understood the terms of his plea agreement, that his attorney had answered all of his questions concerning the plea agreement to his satisfaction, and that the statement of facts in the agreement was accurate. (Criminal Action, Doc. # 1214 at 14–15.) As described above, that statement of facts established the basis for Mr. Hernandez's guilty plea. (Criminal Action, Doc. # 983 at ¶ 17 n.2.) At the change of plea hearing, Mr. Hernandez confirmed that he was pleading guilty because he was guilty of the charge against him and again

stated that he "lent money to Eduardo Estrada-Cortes[,]" thereby assisting Mr. Estrada-Cortes in his "illicit activities." (*Id.* at 15–16.) Moreover,

> [Mr.] Hernandez repeatedly assured the court during the plea hearing that he wanted to plead guilty and was doing so voluntarily. He indicated that he was satisfied with his attorneys' representation, and expressly denied that he had been threatened or pressured into pleading guilty or that his attorneys had told him "how . . . to answer" the court's questions . . . .

*Hernandez*, 780 F. App'x at 620. The Court concludes on this record, as the Tenth Circuit concluded in dismissing Mr. Hernandez's appeal, "that [Mr.] Hernandez's allegations of coercion are insufficient to overcome his sworn declarations both in writing and in open court that his plea was voluntary." *Id.*

Accordingly, Mr. Hernandez's objections to the Recommendation are overruled, and he is judicially estopped from bringing a legal malpractice claim against Defendant Gainor.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Objections to Magistrate's Recommendations (Doc. # 32) are OVERRULED;

- the August 17, 2021 Recommendation (Doc. # 31) is AFFIRMED AND ADOPTED as an Order of this Court;

- Defendant Ronald Gainor's Motion to Dismiss with Prejudice (Doc. # 14) is GRANTED;

- Plaintiff's claim against Defendant Gainor for legal malpractice is hereby DISMISSED WITH PREJUDICE; and

- the Clerk of Court is directed to close this case.

DATED:  September 16, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge